# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 4107 | DATE | MAY 4, 2000 |
| CASE TITLE | Cynthia Wiskur v Short Term Loans, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction is granted. Status hearing date of 5/10/00 is stricken.

(11) ■ [For further detail see orders attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAY 05 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice GDS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA WISKUR, )
)
Plaintiff, )
) No. 99 C 4107
v. )
) Judge Robert W. Gettleman
SHORT TERM LOANS, LLC; BARRY )
HERSHMAN; WENDY EAGER; and )
JOHN DOES 1-10, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

On June 21, 1999, plaintiff Cynthia Wiskur filed a putative class action complaint against defendant Short Term Loans, LLC and others, alleging violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1501 et seq., and various state laws including the Illinois Consumer Fraud Act, 815 ILCS 505/2. The court's subject matter jurisdiction was based on plaintiff's TILA claim, pursuant to 28 U.S.C. § 1331.

Prior to the filing of a motion for class certification, defendants served Wiskur with an offer of judgment pursuant to Fed. R. Civ. P. 68 (the "Rule 68 offer"), offering Wiskur greater relief on her individual TILA claim than she could have received had she prosecuted the case to judgment. Wiskur let the Rule 68 offer lapse. Defendants then moved to dismiss the case for lack of subject matter jurisdiction, arguing that the case was moot because there was no actual case or controversy between Wiskur and defendants on the TILA claim. Because that claim was moot, defendants argued that the court had no grounds to assert supplemental jurisdiction over

the state law claims. While that motion was pending, but well after the Rule 68 offer had lapsed, Wiskur filed a motion for a document preservation order, a motion for class certification, and two other motions to amend the pleadings. On December 23, 1999, the court continued Wiskur's motions generally, and set a briefing schedule on defendants' motion to dismiss for lack of subject matter jurisdiction. At that time plaintiff withdrew her motion for class certification.

On February 8, 2000, the court, relying on Holstein v. City of Chicago, 29 F.3d 1145, 1147 (7th Cir. 1994); Rand v. Monsanto Co., 926 F.2d 596, 597-98 (7th Cir. 1991); and Greisz v. Household Bank (Illinois, N.A.), 176 F.3d 1012, 1015-16 (7th Cir. 1999), granted defendants' motion, concluding that there was no actual case or controversy between Wiskur and defendant on the TILA claim, leaving the court without subject matter jurisdiction. At that time, the court denied all pending motions as moot. Based on counsel's representations that Wiskur had additional individual TILA claims based on additional loans that would, if successful, entitle her to damages in excess of the Rule 68 offer, the court granted Wiskur leave to file a second amended complaint.

On February 15, 2000, Wiskur filed her second amended complaint. That complaint attempted to join Michelle Lowe as an additional plaintiff. Wiskur did not seek leave to join Ms. Lowe as an additional plaintiff under either Fed. R. Civ. P. 19 or 20, nor did Ms. Lowe seek leave to intervene as a plaintiff pursuant to Fed. R. Civ. P. 24. Also on February 15, 2000, Wiskur and Lowe filed a joint motion for class certification.

## Discussion

An offer of settlement (or judgment) greater than the named plaintiff's claim that comes before a motion for class certification is the equivalent of a default judgment against the

2

defendant, and eliminates the legal dispute upon which federal jurisdiction can be based. Greisz, 176 F.3d at 1015 (citing Holstein, 29 F.3d at 1147). Therefore, because defendants' Rule 68 offer on Wiskur's TILA claim came before a motion for class certification was sought, and was for an amount greater than Wiskur could have received had she gone to judgment, the TILA claim was moot once the offer was made. She could not persist in suing after having won. Greisz, 176 F.3d at 1015. That much is indisputable.

Because the TILA claim was the sole basis for federal jurisdiction, the court dismissed the entire case (including the supplemental state law claims) for lack of jurisdiction. That order could have and, as defendants argue, probably should have been made final. The only count providing for federal jurisdiction was moot. Because, and only because, Wiskur's counsel indicated at the February 8, 2000, hearing that Wiskur had additional TILA claims that could be joined into the original TILA count, the effect of which would be to make her potential damages greater than the Rule 68 offer, the court granted plaintiff leave to file a second amended complaint adding the additional TILA claims. At no time did counsel suggest that the additional claims belonged to Ms. Lowe, nor did the court anticipate the addition of Lowe's claims. The reason for that is simple; the addition of Lowe's claims would do nothing to alter the fact that on February 8, 2000, Wiskur's TILA claims were moot. If the claim was moot because Wiskur had been offered all that she could obtain, the mere fact that a nonparty also had a claim at that time would be irrelevant.

On February 15, 2000, Wiskur filed her second amended complaint which, rather than simply attempting to add additional TILA allegations on her behalf, improperly added Lowe as a plaintiff and included Lowe's separate TILA claims in a separate count. In addition to the second

3

amended complaint, Wiskur and Lowe filed a joint motion for class certification, obviously attempting to avoid the situation in which Wiskur had found herself on February 8, 2000. Because Lowe's claims were improperly added and cannot establish that the TILA claims were not moot on February 8, 2000, the only issue before the court is whether the second amended complaint contains additional TILA claims on behalf of Wiskur which, if added together, could support a judgment greater than the Rule 68 offer.

With respect to Wiskur's claims, the only new allegations contained in the second amended complaint are set forth in paragraph 9 which provides:

> <u>On multiple occasions within the last several years</u>, Wiskur obtained "payday loans" from STL for personal, family or household purposes, signed a "Consumer Loan Agreement," and provided a post-dated check to STL. On December 26, 1998, Wiskur obtained a loan from STL, signed the "Payday Advance Contract and Disclosure Statement," of which a true and accurate copy is attached as <u>Exhibit A</u>, and tendered to STL a post-dated check. <u>Wiskur obtained loans on a number of other occasions as well. Wiskur brings suit on the basis of all such loans, whether or not specifically identified.</u> (Emphasis added).

The December 26, 1998, loan was the basis for the original complaint and was the subject of the Rule 68 offer. Therefore, the only "allegations" as to other loans supporting a TILA violation is the claim that "Wiskur obtained loans on a number of other occasions as well. Wiskur brings suit on the basis of all such loans, whether or not specifically identified." These allegations are obviously insufficient even under the most liberal interpretation of Fed. R. Civ. P. 8(a). They are simply too general to be capable of answer, and fail to give defendant any notice of the claim. See <u>Kyle v. Morton High School District 201</u>, 144 F.3d 448, 456-57 (7th Cir. 1998) (and cases cited therein) (although Fed. R. Civ. P. 8 does not require detailed factual pleadings, a

4

plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury).

Because the second amended complaint fails to add any new cognizable TILA claim on Wiskur's behalf, it fails to eliminate the mootness problem. Wiskur still has been offered everything she can receive through prosecution of the TILA count. Therefore, the TILA claim remains moot, leaving no federal claim pursuant to which this court can assert subject matter jurisdiction.[1] Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

ENTER: May 4, 2000

Robert W. Gettleman
United States District Judge

---

[1] To the extent that the court could assert supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the court declines to do so under 28 U.S.C. § 1367(c)(3).